# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 9, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DEVIN BECK | * | UNPUBLISHED |
| | * | |
| | * | No. 15-1355 |
| Petitioners, | * | |
| | * | Chief Special Master Dorsey |
| v. | * | |
| | * | Attorney's Fees & Costs; Appropriate |
| SECRETARY OF HEALTH | * | Hourly Rates |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 12, 2015, Devin Beck ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "the Program"). Petitioner alleged that he suffered from acute demyelinating encephalomyelitis ("ADEM") as a result of the meningococcal vaccine he received on June 11, 2013. Petition at ¶¶ 2, 8. On July 21, 2017, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. Stipulation at ¶7. Respondent denies that the meningococcal vaccine caused petitioner's ADEM, or any other injuries. Stipulation at ¶ 6. On July 24, 2017, a decision was entered awarding petitioner compensation in the amount of $115,000.00. (ECF. No. 57). A Judgment was entered in this case on July 25, 2017. (ECF No. 59).

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On January 18, 2018 Petitioner filed a motion for attorneys' fees and costs. (ECF No. 62). Petitioner requests attorneys' fees in the amount of $20,172.00 and attorneys' costs in the amount of $3,020.64. *Id.* at 2. Pursuant to General Order 9, petitioner stated that he had not personally incurred any expenses during the course of this claim. *Id*. at 2. Respondent filed his response on January 29, 2018 stating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and that he "respectfully recommend that the Chief Special Master exercise her discretion and determine a reasonable award for attorney's fees and costs." (ECF No. 64 at 1-2). Petitioner filed a reply on January 31, 2018 claiming that "the fees and costs incurred by Petitioner are reasonable and should be awarded without reduction." *Id.*

## I. Reasonable Attorney Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Services*., 515 F. 3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable rate.'" *Id.* at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id*. at 1348. Special Masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Brokelschen v. Sec'y of Health & Human Servs.,* 102 Fed. Cl. 719, 729 (2011).

## II. Reasonable Hourly Rates

For cases in which forum rates apply *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Serv*., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3] Previous special masters have found that attorneys from Maglio Christopher & Toale are entitled to forum rates. Therefore, it is appropriate to apply the *McCulloch* forum rate ranges to the work performed by attorney Danielle A. Strait and the paralegals associated with this case.

For attorney Danielle A. Strait, petitioner requests the hourly rate of $295 for work performed in 2015, $306 for work performed in 2016 and $320 for work performed in 2017. Ms. Strait's hourly rate of $295 for work performed in 2015 is within the range set forth in *McCulloch,* and thus will be awarded. However, as is consistent with other cases in this program,

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2018 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914. The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules. *See also McCulloch*, 2015 WL 5634323, at *19.

2

Ms. Strait's rate is reduced[4] to $300 per hour for work performed in 2016 and $307 per hour for work performed in 2017.[5] This results in a reduction of fees requested in the amount of $246.30.

The remainder of the firm's requested hourly rates, including attorney Diana Stadelnikas, paralegals and law clerks falls within the appropriate yearly fee schedules and the undersigned finds them reasonable and awards them in full.

### III. Reasonable Costs

Petitioner requested a total of $3,020.64 in attorneys' costs, including $2,410.68 in costs associated with obtaining medical records, $129.29 in shipping and mailing and $80.67 in research costs. (ECF No. 62-3 at 1-2). The undersigned finds petitioner's requested costs to be reasonable and awards the full amount of costs sought.

### IV. Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorney Fees Requested: | $20,172.00 |
| (Reduction to Ms. Strait's Hourly Rate in 2016) | -   102.00 |
| (Reduction to Ms. Strait's Hourly Rate in 2017) | -   144.30 |
| **Attorney Fees Awarded** | **$19,925.70** |
| **Attorney Costs Awarded** | **$3,020.64** |
| **Total Attorney's Fees and Costs Awarded** | **$22,946.34** |

The undersigned hereby awards the amount of **$22,946.34**, in the form of a check[6] made payable jointly to Petitioner and Petitioner's counsel, Danielle A. Strait, Esq.

---

[4] Ms. Strait's rates for 2016 and 2017 have been reduced in prior cases including: *Liggett v. Sec'y of Health and Human Servs.,* No. 15-0526V, 2017 WL 7310148; Greeling *v. Sec'y of Health and Human Servs.,* 15-1318V, 2017 WL 3574688; Guzman *v. Sec'y of Health and Human Servs.,* 16-0074V, 2018 WL 946909; and *Etheridge-Criswell v. Sec'y of Health and Human Servs.,* 16-0652V, 2017 WL 7101174.

[5] The undersigned addressed Ms. Strait's rate for work performed in 2017 and found $307 was an appropriate hourly rate. *Russell v. Sec'y of Health & Human Servs.*, No. 16-1091V at 8 (Fed. Cl. Spec. Mstr. July 17, 2018).

[6] The check shall be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.